Argued and submitted November 8, 1985, reversed and remanded for reconsideration February 5, 1986

HUMPHRIES,
*Petitioner,*

*v.*

ADULT AND FAMILY SERVICES DIVISION
OF THE STATE OF OREGON et al,
*Respondents.*

(5-2501-QZJ856-7; CA A32886)

713 P2d 1073

Amy Veranth, Portland, argued the cause and filed the briefs for petitioner.

Linda DeVries Grimms, Assistant Attorney General, Salem, argued the cause for respondents. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Petitioner seeks judicial review of a reconsideration order of the Adult and Family Services Division (AFSD) denying his application for General Assistance (GA) benefits. He contends, among other things, that he was denied a fair hearing, because the hearings officer failed adequately to assist him in presenting relevant evidence at the hearing. We agree and remand for reconsideration.

Petitioner applied for GA benefits, claiming that he was unemployable due to a medical disability. He submitted medical form AFS-29, Employment Evaluation Report, provided by AFSD. The form was completed by his doctor, who diagnosed petitioner as alcoholic and depressed and suffering rectal bleeding. He certified that petitioner would be unable to work for the 60-day period required to be eligible for benefits. The Medical Review Team (MRT) found the medical information insufficient to determine whether petitioner was unemployable. AFSD suggested that he obtain further medical evaluation but declined to pay for it and denied his application. At a hearing to review the denial, petitioner, unrepresented, was told that the doctor's statement that he was unemployable was too conclusory and that a more detailed explanation of the reason petitioner was unable to work was needed.[1]

The issue in this case is whether the hearings officer performed his duty to ensure that petitioner received the full

---

[1] Petitioner's entire testimony, including the dialogue between petitioner and the hearings officer during the hearing, constitutes less than one full page of the record. The pertinent part is:

"HEARING OFFICER: The doctor, I think, I'm looking at his report here, feels that your main physical problem is hemorrhoids. Do you have any others that he doesn't know about?

"CLAIMANT: Well, alcohol.

HEARING OFFICER: Yes, he mentions the alcohol problem. That's, of course can be controlled by you if you get help with it.

"CLAIMANT: Well, like I said, I repeat, I went to the doctor for help and the doctor said I wouldn't be able to work for 60 days, so I did get help from the doctor.

"HEARING OFFICER: Well, the doctor has to back that up with reasons why you can't work and that's what I'm looking for here.

"CLAIMANT: Well, then, there's nothing I can do or say about that. I got everything I could from the doctor * * *."

and fair hearing that he was entitled to receive. In *Berwick v. AFSD,* 74 Or App 460, 703 P2d 994, *rev den* 300 Or 332 (1985), we discussed the duty of a hearings officer in pretermination hearings involving individual benefits and stated that, when a claimant is not represented by counsel, the hearings officer has a duty to assist the claimant in obtaining and presenting favorable evidence.[2] 74 Or App at 466. There, the claimant's GA benefits were terminated, because AFSD had found insufficient evidence of unemployability. The hearings officer did not tell the claimant that her medical report was inadequate or suggest that she get a more detailed report.

> "* * * [W]hen it appears as clearly as it does here that an unrepresented claimant may be able to provide decisive evidence with little additional effort and that the hearings officer must have known that fact before issuing the final order, both fairness to the claimant and the accuracy of the agency's decision making require the hearings officer to take reasonable steps to secure the evidence." 74 Or App at 469 n 7.

We reversed and remanded for a new hearing.

Here, as in *Berwick,* the hearings officer's assistance was plainly inadequate. The form provided to petitioner by AFSD was fully completed by the doctor. It requested only conclusions and did not ask for elaboration of those conclusions. Although petitioner was later told that he needed more detailed medical evidence, he explained that he had obtained all he could from the doctor. Given the fact that the doctor fully completed the form provided by AFSD, petitioner's response was understandable.

We conclude that the hearings officer failed in his duty to take reasonable steps to help petitioner get the needed information. As we pointed out in *Berwick,* these are not adversarial proceedings, and it is the duty of the hearings officer to ensure that applicants for benefits have the opportunity for a fair hearing and that AFSD has full knowledge of the situation before making the final decision.

---

[2] The 1985 legislature amended ORS 183.415 by adding the following provision:

"The officer presiding at the hearing shall insure that the record developed at the hearing shows a full and fair inquiry into the facts necessary for consideration of all issues properly before the presiding officer in the case." Or Laws 1985, ch 757, § 1.

Because we reverse on this assignment of error and remand for a new hearing, we need not reach petitioner's other assignments of error.

Reversed and remanded for reconsideration.